UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LIPTON-U. CITY, LLC,            )
                                )
    Petitioner,                 ) Cause No. _____
                                )
vs.                             ) 4:05CV01265MLM
                                )
SHURGARD STORAGE CENTERS, INC.  )
                                )
    Respondent.                 )

### PETITION TO ENFORCE ARBITRATION AGREEMENT

COMES NOW Petitioner Lipton-U. City, LLC, by and through undersigned counsel, and for its Petition to Enforce Arbitration Agreement states as follows:

*Parties*

1. Petitioner Lipton-U. City, LLC ("Lipton") is a limited liability company organized under the laws of the State of Missouri with its principal place of business in the State of Missouri. Petitioner currently is the operator/tenant of a self-storage facility located at 8691 Olive Boulevard in University City, Missouri.

2. Respondent Shurgard Storage Centers, Inc., is a corporation organized under the laws of the State of Washington with its principal place of business in the State of Washington. Respondent is the owner/landlord of the self-storage facility located at 8691 Olive Boulevard in University City, Missouri.

*Jurisdiction*

3. This Court has jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 4, and 28 U.S.C. §§ 1332(a) and 2201 in that the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391(a)(2) in that the property (a self-storage facility), the purchase and sale of which is at issue, is situated in this district.

### *Introduction*

5.    Lipton brings this action for the following reasons:

a.    to enforce the express terms of an agreement to arbitrate under ¶ 2.1 of the Lease Agreement (Exhibit A) to which it and Respondent are parties;

b.    to protect its interest in exercising its Purchase Option as to the above-mentioned self-storage facility; and

c.    to resolve a dispute between the parties as to the application of the arbitration procedures set forth in ¶ 2.1 to a price term for the sale of the self-storage facility.

### *The Dispute*

6.    On November 10, 1999, Lipton (as Tenant) and Respondent (as Landlord) entered into a 10-year Lease Agreement for a self-storage facility.

7.    Paragraph 2.1 of the Lease Agreement reads as follows:

**2.1    Grant of Purchase Option.**  Landlord grants Tenant an option to purchase the Property (the "Purchase Option") on the terms and conditions set forth herein. *Provided*, that the parties agree to negotiate in good faith any additional terms or conditions not contemplated by this section. **In the event that the parties cannot come to agreement on any such additional terms or conditions within thirty (30) business days of Tenant's exercise of the Purchase Option, either party may notify the other that the matter will be submitted for final resolution to a panel of three real estate experts, each of whom shall be experienced in negotiating agreements for the purchase and sale of the type of property subject to this Lease.** Landlord and Tenant shall each select and fully compensate one of these real estate experts and the third shall be selected by the other two and compensated in equal shares by Landlord and tenant. The panel's decision will be binding on the parties without further rights of appeal. (Emphasis added.)

8.    On July 11, 2000, Lipton exercised its purchase option.

9. A true and accurate copy of the notice to Respondent of Lipton's exercise of its option is attached hereto as Exhibit B.

10. Lipton's offering price in its purchase option exercise was based upon a formula set forth in the Lease Agreement at ¶ 2.4.

11. Respondent rejected the price offered by Lipton and filed suit in this Court seeking rescission of ¶ 2.4.

12. This Court granted rescission of ¶ 2.4 in its Order of September 24, 2003. Rescission was upheld on appeal by the U.S. Circuit Court for the Eighth Circuit on January 12, 2004.

13. Because of the rescission sought by Respondent, the Lease Agreement does not contemplate a price term or condition.

14. The parties have continued to attempt to negotiate a price term for the exercise of its purchase option.

15. The parties' negotiations on the price term have continued for more than thirty (30) business days after Lipton's exercise of the Purchase Option.

16. Although the negotiations have been unsuccessful, the parties have negotiated the price term in good faith.

17. On June 20, 2005, Lipton notified Respondent in the form and manner required by the Lease Agreement that the price term would be submitted, per ¶ 2.1 of the Lease Agreement, for final resolution to a panel of three real estate experts experienced in negotiation purchase and sale agreements of self-storage facilities.

18. A true and accurate copy of Lipton's notice to submit the price term to the expert panel is attached hereto as Exhibit C.

19. Also in Exhibit C, Lipton notified Respondent in the form and manner required under the Lease Agreement of Lipton's selection of a real estate experts to sit on the panel to determine the price term.

20. At the same time, Lipton requested that Respondent select a second expert, as per ¶ 2.1 of the Lease Agreement.

21. Respondent has refused to arbitrate the price term as required under ¶ 2.1 of the Lease Agreement.

22. Under ¶ 3.6 of the Lease Agreement, Lipton is entitled to its costs, damages and expenses, including attorneys' fees, in enforcing the provisions of the Lease Agreement and protecting its interests arising under the lease.

### COUNT I: FEDERAL ARBITRATION ACT, 9 U.S.C. § 4

23. Lipton hereby incorporates by reference its allegations in paragraphs 1-22 above.

24. The parties have an enforceable, contractual agreement to arbitrate.

25. All conditions precedent to Respondent's obligation to arbitrate the above-mentioned price have been satisfied.

25. Respondent has refused, without justification, to arbitrate the price term as required under the Lease Agreement and accordingly, as to its obligation to arbitrate, Respondent is now in default.

WHEREFORE, for the foregoing reasons, Petitioner Lipton-U. City, LLC, respectfully requests that this Court enter Judgment in its favor directing Respondent to arbitrate the price term for the self-storage facility per the procedures set forth under ¶ 2.1 of the Lease Agreement, and awarding Lipton its costs, damages and expenses, including attorneys' fees, for enforcing the provisions of the Lease Agreement and protecting its interests arising under the Lease Agreement.

## COUNT II: MISSOURI UNIFORM ARBITRATION ACT, MO. REV. STAT. § 435.355

26. Lipton hereby incorporates by reference its allegations in paragraphs 1-22 above.

27. Under ¶ 3.7 of the Lease Agreement, the Lease Agreement is governed by the laws of the State of Missouri.

28. The parties have an enforceable, contractual agreement to arbitrate.

29. All conditions precedent to Respondent's obligation to arbitrate the above-mentioned price have been satisfied.

30. Respondent has refused, without justification, to arbitrate the price term as required under the Lease Agreement.

WHEREFORE, for the foregoing reasons, Petitioner Lipton-U. City, LLC, respectfully requests that this Court enter Judgment in its favor directing Respondent to arbitrate the price term for the self-storage facility per the procedures set forth under ¶ 2.1 of the Lease Agreement, and awarding Lipton its costs, damages and expenses, including attorneys' fees, for enforcing the provisions of the Lease Agreement and protecting its interests arising under the Lease Agreement.

Respectfully submitted,

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____
Stephen H. Rovak, #4218
Michael M. Godsy, #66305
One Metropolitan Square, Suite 3000
St. Louis, Missouri 63102
(314) 241-1800
(314) 259-5959 – facsimile

*Attorneys for Petitioner Lipton - U. City, LLC.*

- 5 -

23177535\V-1

## VERIFICATION

COMES NOW Donn H. Lipton, and upon his oath states as follows:

1. My name is Donn H. Lipton. I am the General Partner of Lipton Investments, L.P., the member of Lipton-U. City, LLC. I am over the age of 21 and competent to make this verification.

2. Based upon my personal knowledge and a review of Petitioner's relevant records, I am able to verify that the statements of fact in the foregoing Petition to Enforce Arbitration Agreement are true.

_____
Donn H. Lipton

STATE OF ~~MISSOURI~~ Colorado ) 
                          Pitkin ) ss
COUNTY OF ~~ST. LOUIS~~ )

On this 10 day of August, 2005, before me personally appeared Donn H. Lipton, who acknowledged and affirmed under oath the statements made in this Verification.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written in this Verification.

_____
Name: Diane R Marshall
Commission Expires: 09-20-07

[Notary Seal: DIANE R. MARSHALL, NOTARY PUBLIC, STATE OF COLORADO]

My Commission Expires 09/20/2007

- 6 -

23177535\V-1